DAVID B. GOLUBCHIK (State Bar No. 185520)
JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; jmr@lnbyg.com

Attorneys for Defendant Julie Stupin

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>ANDREW STUPIN and JULIE STUPIN,<br><br>Debtor. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>Adv. Case No.: 8:26-ap-01095-SC |
| PATRICIA ARVIELO, and individual;<br><br>Plaintiff,<br>v.<br><br>JULIE STUPIN, an individual,<br><br>Defendant. | **NOTICE OF HEARING ON NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT**<br><br>Hearing Date, Time, and Place<br>Date: December 9, 2026<br>Time: 11:00 a.m.<br>Place: Courtroom 5C<br>411 W Fourth St.<br>Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, TO PLAINTIFF, AND TO HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Julie Stupin, one of the debtors and the debtors in possession in the above-captioned chapter 11 bankruptcy case and the defendant in the above-captioned adversary proceeding ("Defendant" or "Julie"), respectfully submits her motion (the "Motion") requesting the Court dismiss the Complaint (the "Complaint") filed by Patricia Arvielo ("Plaintiff") without leave to amend, or requiring a more definite statement of the Complaint. The hearing on the Motion will take place at 11:00 a.m. on November 18, 2026, before the Honorable Scott C. Clarkson, United States Bankruptcy Judge for the Central District of California (the "Court"), in Courtroom 5C on the Fifth Floor of the United States Bankruptcy Courthouse located at 411 West Fourth Street, Santa Ana, California 92701.

The bases of the Motion are this Notice of Hearing, the concurrently filed Motion (with Notice of Motion and annexed memorandum of points and authorities in support of the Motion), the separately and concurrently filed request for judicial notice ("RJN") and declaration of Joseph M. Rothberg, 28 U.S.C. § 1334, Rule 7009 of the Federal Rules of Bankruptcy Procedure, Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"), Rule 7012 of the Federal Rules of Bankruptcy Procedure, Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), and Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California. The Debtors request that the Court take judicial notice of Plaintiffs' Complaint in this adversary proceeding, and all matters of which the Court may properly take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have reserved their rights to have certain matters heard by an Article III tribunal and to jury trial as set forth in greater detail in Section IV.I of the annexed memorandum of points and authorities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), the deadline for filing an objection or response to the Motion is fourteen (14) days prior to the hearing date on the Motion. Any such objection or response must be filed with the Court and served on counsel for the Debtors with a courtesy copy delivered to the Court. Pursuant to Local

Bankruptcy Rule 9013-1(h), the failure to file a timely written objection or response may be deemed by the Bankruptcy Court to be consent to the granting of relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Court may allow the utilization of ZoomGov for the above-referenced hearing on the Motion subject to the Court's instructions to be provided in its tentative ruling on the Motion. Such ZoomGov accessibility information for the hearing on the Motion will be provided by the Court in its tentative ruling prior to the hearing and can be obtained on Judge Clarkson's posted hearing calendar which may be viewed online at**:** http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 12(b)(6) and Rule 9(b), the Motion seeks to dismiss the Complaint for failure to state a claim for relief under 11 U.S.C. § 523(a)(6) because Plaintiff has failed to plausibly allege a debt and a willful and malicious injury. Here, both depend on the sole claim for defamation, and the Complaint falls short of this task, for several reasons.

**First**, the Complaint does not plead what was said. Defamation turns on the words actually used. Apart from one phrase in paragraph 16, the Complaint never says what Julie said. It offers Plaintiff's characterization of what Defendant was "asserting," sometimes in the alternative. She identifies no recipient who believed anything Julie said. Plaintiff names no dates of any alleged statement more precisely than a month. Plaintiff admits she lacks knowledge of "the full scope" of the alleged statements for which she seeks relief. [See Complaint at ¶29]. Without the statements, the Court cannot determine whether any of them asserts a provable falsity, whether any statement is defamatory on its face, or whether Julie made any of them with the subjective intent to injure Plaintiff.

**Second**, the Complaint does not plead damages. Plaintiff's entire damages allegation is one sentence: she has suffered injury to her reputation "and other damages in an amount to be proven at trial." [Complaint at ¶36]. But, Plaintiff identifies no lost client, transaction, relationship, or dollar amount. The $1,000,000 figure appears only in the prayer and the proof of claim, as an estimate with no stated basis. [Complaint ¶31, Prayer for Relief at ¶2]. The harm Plaintiff alleges is harm to her business and profession. California law treats that as special

damage, which must be pleaded, and Plaintiff pleads none.

**Third**, Plaintiff cannot fall back on presumed damages. The statements she relies on depend on innuendo that Plaintiff herself supplies. The statements concern matters of public concern, where presumed damages require actual malice. Her allegation of actual malice is a conclusion, pleaded in the alternative as "substantial certain[ty] as to their falsity." [Complaint at ¶22]. A plaintiff who cannot say what her injury was also cannot plausibly allege that Defendant intended to inflict it, and an intended injury is what § 523(a)(6) requires.

**Fourth**, the words the Complaint does quote are not actionable. The one quoted phrase, that Plaintiff and WAB "did not do there [*sic*] ABCs of banking," is a criticism of how a bank handled a loan, which is opinion. [Complaint at ¶17]. The one quoted word, that the Arvielos were "involved" with a jewelry company Lugano [Complaint at ¶20], charges nothing on its face. It is only Plaintiff's allegations which supply the defamatory meaning, which makes the remark actionable only with special damages. And as set forth above, no special damages are alleged. [Complaint at ¶20].

**Fifth**, the Complaint does not plausibly allege a willful and malicious injury. Plaintiff rests willfulness in part on the theory that Defendant is "charged with knowledge of the natural and probable consequences of her conduct." [Complaint at ¶34]. That is an objective standard, which the Ninth Circuit Court of Appeals has rejected for § 523(a)(6). Plaintiff's remaining allegations of intent merely recite the legal standard without offering any factual allegation in support thereof.

**Sixth**, any of the alleged statements made about WAB are privileged. When Julie allegedly sent texts about WAB, a lawsuit was already pending. Namely, WAB was already prosecuting a lawsuit pending in the Los Angeles Superior Court against Julie's husband over the very same loan referenced. Plaintiff alleges the statements were directed at the investors and creditors whose interests depend on that litigation. [Complaint at ¶17, ¶35]. Statements of that kind are absolutely privileged under California Civil Code § 47(b).

Plaintiff had since February to identify what Defendant said, to whom, and what it cost her (if anything). The Complaint does not do so and Plaintiff admits she cannot. Accordingly,

Defendant respectfully requests that the Court grant this Motion and dismiss the Complaint without leave to amend. Alternatively, the Court should dismiss the claim to the extent it rests on unidentified or non-actionable statements, and it should require any amendment to the Complaint to plead each statement and the damages Defendant allegedly caused with more definitive statement in accordance with Fed. R. Bank. Proc. 12(e).

**WHEREFORE**, Defendants respectfully request the Court to enter an Order:

1. granting the Motion without leave to amend;
2. dismissing the Complaint with prejudice; and
3. granting such other and further relief as is just and proper in the circumstances.

DATED: October 16, 2026

LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.

By:______________________________
DAVID B. GOLUBCHIK
JOSEPH M. ROTHBERG
Attorneys for Defendant Julie Stupin

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled**: Notice Of Hearing On Notice Of Motion And Motion To Dismiss Complaint For Determination Of Nondischargeability Of Debt** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David B Golubchik dbg@lnbyg.com, dbg@lnbyg.com
- Golsa Honarfar ghonarfar@rutan.com, dmircheff@rutan.com
- Joseph M Rothberg jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **October 16, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 16, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY SERVICE
Honorable Scott C. Clarkson
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service list attached

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 16, 2026 | Rebecka Merritt | */s/ Rebecka Merritt* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |